**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JUAN FRANCISCO CARRANZA-CARREON,

No. 97-4050

a/k/a Juan F. Carranza, a/k/a Juan
Carrion, a/k/a Juan F. Carranza-
Carreon, a/k/a Juan Francisco
Carranza,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-96-69)

Submitted: June 23, 1998

Decided: August 31, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Thomas Ward, Galax, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Kenneth M. Sorenson, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Juan Carranza-Carreon pled guilty below to unlawful reentry into the United States after deportation, in violation of 8 U.S.C.A. § 1326(b)(2) (West Supp. 1998). He was sentenced to fifty-seven months imprisonment, to be followed by four years of supervised release. We affirm his conviction and sentence.

In 1992, Carranza-Carreon, a native of Mexico, was living in Virginia as a legal permanent resident. That year, he was convicted of malicious wounding of his wife. The Immigration and Naturalization Service found Carranza-Carreon deportable as an aggravated felon, and deported him on June 24, 1993. He returned to the United States within a month. Carranza-Carreon was located, arrested, and charged in a one-count indictment with reentering the United States after being deported.

At sentencing Carranza-Carreon argued that he was entitled to a downward departure because the victim in the malicious wounding was his wife, who now states that he did not hurt her. On appeal, counsel for Carranza-Carreon has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting this error but concluding that there are no meritorious grounds for appeal. Carranza-Carreon was informed of his right to file a supplemental brief but has not done so.

Counsel asserts that the district court erred in refusing to depart downward from the prescribed sentence computed under the sentencing guidelines. He argues that, because of the unique circumstances of Carranza-Carreon's case, a downward departure was justified under U.S. Sentencing Guidelines Manual§ 5K2.0, p.s. (1995). Carranza-Carreon cites to the fact that he is the sole support of his wife and children, and that his family, all American citizens, may have to leave the country to be together and allow for that support.

A district court's decision not to depart downward cannot be appealed unless the district court erroneously believes it lacks authority to do so. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Under USSG § 5H1.6, p.s. (1995), "[f]amily ties and responsibilities . . . are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Thus, a downward departure based on family ties is appropriate only on a finding that such ties are extraordinary. The district court clearly recognized its authority to depart, but found it inappropriate to do so. See United States v. Wilson, 114 F.3d 429, 434 (4th Cir. 1997) (citing numerous cases holding different family circumstances not extraordinary). Therefore, this claim lacks merit.

As required by Anders, we have independently reviewed the entire record in this case and find no reversible error. We therefore affirm Carranza-Carreon's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3